**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO CORREA, ) | No. C 09-3347 MMC (PR) |
| Petitioner, ) | |
| v. ) | **ORDER TO SHOW CAUSE; GRANTING MOTION TO WITHDRAW IN FORMA PAUPERIS APPLICATIONS** |
| KENNETH CLARK, Warden, ) | |
| Respondent. ) | **(Docket Nos. 2, 6, 10)** |
| _____ ) | |

On July 21, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 10, 2010, petitioner paid the filing fee.[1]

**BACKGROUND**

In 2003, in the Superior Court of Santa Clara County, petitioner pleaded guilty to two counts of lewd acts on a child with the use of force. He was sentenced to sixteen years in state prison. Petitioner appealed his conviction to the California Court of Appeal and filed a petition for review in the California Supreme Court. Petitioner does not indicate in the instant petition the rulings obtained in those proceedings. Subsequently, petitioner challenged the validity of his plea agreement and sentence by filing habeas petitions in the Superior Court, the California Court of Appeal and the California Supreme Court. All three habeas petitions were denied.

---

[1] In light of petitioner's having paid the filing fee, his motion to withdraw his previously-filed in forma pauperis applications will be granted.

**DISCUSSION**

A.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.    Petitioner's Claims

In the instant petition, petitioner challenges the constitutional validity of his plea agreement and sentence based on the following: (1) ineffective assistance of counsel resulting in petitioner's being sentenced to sixteen years in prison although counsel had informed him that the maximum sentence he would receive was between four and six years; and (2) violation of petitioner's right to due process when the state trial court sentenced him to an upper term without the relevant findings having been made by a jury. Liberally construed, petitioner's assertions present cognizable claims for relief.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion to withdraw his pending in forma pauperis applications is hereby GRANTED. (Docket No. 10.) The Clerk shall terminate the in forma pauperis applications on the docket. (Docket Nos. 2, 6.)

2. The Clerk of the Court shall serve by certified mail a copy of this order <u>and the petition (Docket No. 1), along with all attachments thereto</u>, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 2, 6 and 10.

IT IS SO ORDERED.

DATED: April 19, 2010

MAXINE M. CHESNEY
United States District Judge