IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO CORREA,<br><br>    Petitioner,<br><br>  v.<br><br>KENNETH CLARK, Warden,<br><br>    Respondent.<br>_____ | No. C 09-3347 MMC (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION; GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>(Docket No. 12 & 13) |

On July 21, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition as untimely. Petitioner has opposed the motion, and respondent has filed a reply.[1]

**BACKGROUND**

On January 23, 2003, in the Superior Court of Santa Clara County ("Superior Court"), petitioner pleaded guilty to two counts of lewd acts on a child with the use of force. He was sentenced to sixteen years in state prison.

On August 24, 2004, the California Court of appeal affirmed the judgment. (People v.

---

[1] Good cause appearing, petitioner's request for an extension of time to file his opposition will be granted. Accordingly, the opposition is deemed timely.

1  Correa, No. H025733, 2004 WL 1902742 (Cal. Ct. App. Aug. 24, 2004)).[2]  On November 10,

2  2004, the California Supreme Court denied review.  (Mot. to Dismiss Ex. 2.)

Approximately five years later, on February 26, 2008, petitioner filed a habeas petition in the Superior Court raising, for the first time, the claims he raises in the instant petition, specifically, ineffective assistance of counsel, and violation of petitioner's right to a jury trial as provided by Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007).  (Mot. to Dismiss Ex. 3.)  On March 24, 2008, the Superior Court denied relief.  (Mot. to Dismiss Ex. 4.)

On April 21, 2008, petitioner filed a habeas petition in the California Court of Appeal. On August 18, 2008, the petition was summarily denied.  (Mot. to Dismiss Ex. 5.)

On October 6, 2008, petitioner filed a petition for review in the California Supreme Court.  On March 25, 2009, review was denied.  (Mot. to Dismiss Ex. 6.)

As noted, the instant federal habeas petition was filed on July 21, 2009.

## DISCUSSION

A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

[2] Petitioner does not provide the date on which the judgment was affirmed. Respondent states the correct date in his moving papers, but cites to an appellate opinion concerning petitioner's conviction in another case.  (See Mot. to Dismiss Ex. 1.)  The Court thus takes judicial notice of the date of the unpublished opinion of the California Court of Appeal.

2

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent moves to dismiss the instant petition under 28 U.S.C. § 2244(d)(1)(A), on the ground the petition was filed more than one year after petitioner's conviction became final. In opposition, petitioner argues the petition is timely because he is entitled to delayed commencement of the period of limitations under 28 U.S.C. § 2244(d)(1)(B) and (C).

B.   Commencement of the Limitations Period

As noted, respondent argues the one-year limitations period commenced on the date petitioner's judgment of conviction became final. Petitioner's judgment became final on direct appeal on February 8, 2005, ninety days after the California Supreme Court denied review and the date on which the time for petitioner to file a petition for a writ of certiorari from the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, under 28 U.S.C. § 2244(d)(1)(A), petitioner presumptively had until February 9, 2006, to file a timely habeas petition in federal court.[3]

Petitioner maintains, however, that the limitations period did not commence until he was able to bring in the California courts a claim that his sentence violated his right to a jury trial under Cunningham v. California, 549 U.S. 270 (2007), which case held California's determinate sentencing law violated the Sixth Amendment to the extent it authorized a judge, as opposed to the jury, to find the facts permitting an upper term sentence. See 549 U.S. at 293. Specifically, petitioner argues the statute of limitations for his sentencing claim did not begin to run until February 2, 2009, the date on which the California Supreme Court held, in

---

[3]For purposes of determining whether a petition has been timely filed under AEDPA, the one-year period is calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6, the day of the event triggering the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

3

In re Gomez, 45 Cal.4th 650 (2009),[4] that Cunningham applies on collateral review to California cases in which the judgment was not final at the time Blakely v. Washington, 542 U.S. 296 (2004), was decided. Petitioner argues that until Gomez was decided, he was "impeded" by the state, under 28 U.S.C. § 2244(d)(1)(B), from challenging his sentence because the California Supreme Court previously had refused to apply Blakely to California's sentencing procedures. See Cunningham, 549 U.S. at 288-93 (overruling California Supreme Court's holding in People v. Black, 35 Cal.4th 1238 (2005), that Blakely does not apply to California's determinate sentencing law).

As set forth above, § 2244(d)(1)(B) provides that a petition may be filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The Ninth Circuit has expressly held that a state-created impediment under § 2244(d)(1)(B) exists only when a petitioner, as a result of unconstitutional state action, has been impeded with respect to the filing of a habeas petition. See Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005). Such impediment may occur, for example, when state prison officials interfere with an inmate's ability to prepare and file a habeas petition by denying access to legal materials, or when a state court refuses to rule on a constitutional claim that has been properly presented to it. See id. By contrast, no such impediment exists when a petitioner is not precluded from raising a challenge in state court, even if the state has determined its own substantive law in a way that provides no meritorious claim for federal relief. Id. Here, petitioner's argument that he was impeded from filing a federal habeas petition prior to the Gomez decision is without merit, as petitioner was not precluded from raising a challenge in state court to his sentence based either on Blakely, which was decided while petitioner's direct appeal was still pending, or Cunningham, which was decided two years before Gomez.

---

[4] Both petitioner and respondent refer to the Gomez case as "In re Sotero." The caption of the decision, however, is "In re Sotero Gomez on Habeas Corpus." See 45 Cal.4th 650.

Petitioner further argues that he is entitled to delayed commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(C), which, as set forth above, provides that a petition may be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The "Supreme Court" referenced in § 2244(d)(1)(C) is the United States Supreme Court; thus, to the extent petitioner maintains that commencement of the limitations period was delayed until the California Supreme Court issued its decision in Gomez, such argument fails.

Additionally, to the extent petitioner contends commencement of the limitations period was delayed until the date on which Cunningham was decided, such argument is without merit because the holding in Cunningham does not come within the parameters of § 2244(d)(1)(C). Specifically, Cunningham did not "newly recognize" a constitutional right, but, rather, simply extended to California's sentencing scheme the right recognized in Blakely. See Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Further, even if Cunningham's holding does fall within § 2244(d)(1)(C), petitioner would have been required to file his federal habeas petition no later than January 22, 2008, i.e., one year from January 22, 2007, the date on which the Cunningham opinion was filed. Petitioner, however, did not file his first state habeas petition raising a Cunningham claim until February 26, 2008. (See Mot. to Dismiss Ex. 3). By that date, more than one year had passed from the date on which Cunningham was decided, and, consequently, the instant petition would be untimely even if § 2244(d)(1)(C) is applicable. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, for the reasons stated above, the Court finds persuasive respondent's argument that the one-year limitations period commenced on the date petitioner's judgment of conviction became final, specifically, February 8, 2005. As noted, under such circumstances, petitioner presumptively had until February 9, 2006, to file a timely habeas petition in federal court. As the instant petition was not filed until July 21, 2009, however,

5

the petition is untimely unless petitioner is entitled to statutory or equitable tolling.

C. <u>Statutory Tolling</u>

Pursuant to § 2244(d)(2), the running of the one-year statutory limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statutory limitations period is not tolled, however, for the time between the date on which the relevant final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral challenge is filed.  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, the limitations period commenced on February 8, 2005, and continued to run for more than five years, specifically, until February 26, 2008, the date on which petitioner filed his first state habeas petition in Superior Court.  Consequently, the one-year limitations period already had expired before petitioner ever filed his first state habeas petition in Superior Court.  Petitioner's subsequent filing of that petition did not initiate a new limitations period.  <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.  Accordingly, petitioner is not entitled to statutory tolling of the limitations period.

D. <u>Equitable Tolling</u>

AEDPA's one-year statute of limitations is subject to equitable tolling.  <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  <u>Id.</u> at 2562 (internal quotation and citation omitted).  Here, in opposition to the motion to dismiss, petitioner does not argue he is entitled to equitable tolling, and no ground for such tolling is apparent from the record that has been developed in this matter.  Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

//

//

//

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's request for an extension of time to oppose the motion to dismiss is hereby GRANTED.

2. Respondent's motion to dismiss the petition as untimely is hereby GRANTED.

This order terminates Docket Nos. 12 and 13.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 10, 2010

MAXINE M. CHESNEY
United States District Judge